## THE C. W. COWLES.

(District Court, N. D. Iowa, E. D.   July 22, 1903).

1. ADMIRALTY—EARNINGS OF VESSEL WHILE IN CUSTODY OF MARSHAL.
    Earnings made by a vessel after her seizure by the marshal on process, and between that date and the date of her sale, under an agreement by which the marshal, with the approval of the court, permitted her use by a charterer in carrying out contracts previously entered into by him, on his giving security for her return, stand on the same footing as though they had been made by the use of the vessel by the marshal himself, and are to be paid into court, to be applied on the claim of the libelant.

In Admiralty.   On question of right to money earned by vessel since date of seizure.

Husted & Michel, for libelants.

R. W. Stewart, for respondent.

SHIRAS, District Judge.   On the 5th day of May, 1903, the steamboat C. W. Cowles was seized by the marshal of this court upon a warrant issued on the libel filed by the Empire Coal Company.   At that time the boat was owned by the Valley Navigation Company, but was being operated by one George Winans, under a charter which expires by its terms May 15, 1903.   At the date of the seizure the steamboat was engaged in towing logs down the Mississippi river, principally, if not wholly, for the use of the Standard Lumber Company, of Dubuque, Iowa.   The charterer, George Winans, and the Standard Lumber Company were desirous of having the boat used in bringing down the logs pending the proceedings taken in court to secure a sale of the steamboat, and to that end they applied to the marshal for leave to use the boat for the purpose named, and with

the approval of the court the marshal permitted the use of the steamer by the charterer, upon security being given to the marshal for the safe return of the boat to the Ice Harbor in Dubuque. The boat was sold under decree of the court on July 11th to the Standard Lumber Company. During the time the boat was used by the charterer after May 5th, she earned a certain sum of money, and the question at issue is, whether this sum should be paid by George Winans into court for the benefit of the libelant, or whether it should be paid to the owner of the boat, to wit, the Valley Navigation Company. It will be borne in mind that the boat was not released from the warrant of seizure, nor taken from the possession of the marshal, by virtue of a stipulation or bond filed by the owner under the rules of admiralty. The use of the boat was arranged for through an agreement made with the marshal, security being given him to protect him from loss in case the boat was burned, sunk, or otherwise destroyed, or in case the boat was not properly brought back to Dubuque in time for the sale on the day advertised. If for any reason the boat was not returned in good condition, the libelants would have looked to the marshal and his official bond for recompense for any loss caused them by the destruction or nonreturn of the boat, while the marshal would have relied on the bond given him by the parties using the boat for his reimbursement. The rule, therefore, that when a vessel is released from a warrant of arrest by a stipulation or bond filed by the claimant or owner, the earnings of the vessel will belong to the owner, is not applicable to the situation arising in this case. It was not the intent or purpose of the parties that the boat should be released from the warrant of seizure, or be taken from the custody of the marshal, or that the bonds given him should stand in place of the boat for the use and benefit of the creditors. The expectation was that the boat would be sold under the warrant of seizure, but for the benefit and accommodation of the charterer and the Standard Lumber Company, and to prevent possible claims arising from a failure to carry out the towing contracts made by the charterer, the marshal was willing to permit the boat to be used up to the day fixed for the sale thereof; security being given him to protect him from loss. Under these circumstances, it cannot be claimed by the owner or the charterer that the boat was in fact released from possession and control of the marshal. The use made of the boat by the charterer was under and by virtue of the agreement made with the marshal, and not by virtue of any contract between the owner and the charterer. The situation is not other nor different from what it would have been if the marshal himself, at the request of the Standard Lumber Company, had hired Capt. Winans and his crew, and with their aid had brought down the logs that were in fact rafted by the boat. If the marshal, by such use of the steamer, had earned several hundred dollars, he certainly could not retain the money for his own use, but it would clearly be his duty to return the same, as part of the proceeds realized from the property in his possession; as much so as if the money had come from a sale of some portion of the attached property. The money in dispute was earned from the use of the boat after it had passed into the custody

of the marshal. The use of the boat was secured by virtue of a contract or agreement entered into with the marshal, and the libelants have the right to insist that the amount of earnings resulting from the use of the boat while in the care of the marshal should be paid into court for their benefit. The owner of the boat has the right to insist that the sums earned by the use of the boat shall not be retained by the marshal or by the charterer, but its rights and equities are fully met by requiring the earnings of the boat to be used for the benefit of the owner in the payment of the debts of the owner due to the libelants.

In the written argument filed on behalf of the respondent, it is claimed that of the $732 in dispute the sum of $132 was in fact earned before the 5th day of May, 1903, when the warrant of seizure was served. In the written stipulation filed by the respondent George Winans, and dated July 11, 1903, it is stated that since May 5, 1903, the steamer has earned $732. These statements seem to be inconsistent. Any money actually earned before the 5th day of May would be payable to the owner of the boat. The libelants are entitled only to the money earned after the seizure of the vessel, and by virtue of the use of the boat under the contract with the marshal.

I presume counsel can agree upon the facts in this particular, and upon the proper order to be entered under the foregoing opinion.